UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AYMAN A. AMIN,                                                          CIVIL NO. 03-1181 (JRT/JSM)

    Plaintiff,

v.                                                                             REPORT AND RECOMMENDATION

FLAGSTONE HOSPITALITY
MANAGEMENT, L.L.C., d/b/a
Hampton Inn,

    Defendant.

The above matter came before the undersigned United States Magistrate Judge on May 17, 2005 upon Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [Docket No. 50]. Kurt B. Glaser, Esq. appeared on behalf of plaintiff; Eric Durr, Esq. appeared on behalf of defendant. The motion was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

Based upon the pleadings, arguments by counsel, and for the reasons discussed below, it is recommended that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [Docket No. 50] be denied.

## FINDINGS OF FACT

1.    On February 16, 2005, this Court issued the Third Amended Pretrial Scheduling Order [Docket No. 43] indicating that all dispositive motions "shall be served, filed and HEARD" by May 1, 2005. This Order directed the moving party to contact U.S. District Judge John R. Tunheim's calendar clerk, Sarah Bagwell, to schedule any such hearing. This Order was docketed on February 17, 2005 at 4:55 p.m.

2. Defendant's counsel, Eric Durr, received e-mail notification of the Third Amended Pretrial Scheduling Order at 5:06 p.m. on February 17, 2005.

3. On February 18, 2005, Eric Durr's assistant, Lainie Berntsen, contacted Sarah Bagwell to schedule a hearing for defendant's motion for summary judgment. Ms. Bagwell was not in the office, and thus, Ms. Berntsen left a message for her.

4. On February 22, 2005, Ms. Bagwell returned Ms. Berntsen's call and stated the earliest the Court could hear any motions for summary judgment was May 17, 2005 at 9:30 a.m.

5. Ms. Berntsen communicated to Mr. Durr that the hearing was scheduled for May 17, 2005. Because the Court's Third Amended Pretrial Scheduling Order required all summary judgment motions to be served, filed and heard by May 1, 2005, Ms. Berntsen called Ms. Bagwell back to determine if setting the hearing on May 17, 2005 would violate the Order. Ms. Bagwell told Ms. Bernsten it was not a violation of the Order to schedule a hearing on May 17, 2005, because that was the first date the Court had available to hear the motion.

6. On February 22, 2005, Mr. Durr contacted Ms. Bagwell to confirm the information that had been provided to Ms. Berntsen. Ms. Bagwell confirmed that it was not a violation of the undersigned's Order to schedule the motion to dismiss for May 17, 2005, because the Court had no hearing dates available until that time.

7. This Court has confirmed with Ms. Bagwell that parties who contacted her in February, 2005, were told that the first available date for a summary judgment motion hearing was sometime in May. Ms. Bagwell also stated that if she cannot find a date for the hearing prior to the deadline in the scheduling order, she offers a date for the hearing as close as possible to the deadline.

8.      On February 23, 2005, Mr. Durr contacted an individual in the undersigned's office to confirm what Ms. Bagwell had told him.  According to Mr. Duerr, this individual told him that the scheduling of the summary judgment motion was in the province of the presiding judge.  Mr. Durr could not recall to whom he spoke in the undersigned's office, but it is the practice of the undersigned's office to inform callers who are seeking information about the scheduling of a summary judgment hearing to contact the office of the presiding District Judge.

9.      On March 14, 2005, Mr. Durr informed plaintiff's counsel, Kurt Glaser, that he had scheduled a summary judgment hearing for May 17, 2005, and that this was the first available hearing date for the hearing.

10.     On March 23, 2005, Mr. Glaser objected to the summary judgment motion scheduled for May 17, 2005, as untimely and objected to Mr. Durr's ex parte communications with Ms. Bagwell.

**RECOMMENDATION**

Plaintiff's motion to strike should be denied.  While it is true that this Court's Third Amended Pretrial Scheduling Order required that all dispositive motions be served, filed and heard prior to May 1, 2005, this Court finds that defendant has established good cause for permitting the motion to be heard after the May 1, 2005 deadline, and that in the interests of justice, defendant should be allowed to proceed with its summary judgment motion. Upon receipt of the Third Amended Pretrial Scheduling Order, defendant's counsel immediately called Judge Tunheim's calendar clerk to schedule the dispositive motion, and took additional steps to ensure that he was in compliance with this Court's scheduling order, including contacting both Judge Tunheim's clerk again and the undersigned's office to determine whether it would be a violation to schedule the hearing after the dispositive

motion deadline set in the order.  Under these circumstances, it was appropriate for defendant's attorney to rely on the representations of the Court's personnel with respect to the propriety of deviating from the provisions of the scheduling order.  Further, it was not improper for counsel for defendant to confer with the Court's personnel outside the presence of the plaintiff's attorney – such a communication, for the purpose of scheduling a hearing, does not constitute an <u>ex parte</u> communication with the Court, and is in fact, contemplated by the wording of the scheduling order.

With hindsight, once counsel for defendant learned that he could not comply with the dispositive motion deadline set in the Third Amended Scheduling Order because of Judge Tunheim's hearing schedule, he should have immediately notified plaintiff's counsel of the situation, so that plaintiff's counsel could have made his objections known and this Court could have addressed his objections earlier.  However, this Court does not find that defendant's counsel's failure to immediately communicate why he was scheduling the motion after the May 1 deadline, constitutes such conduct that his client should be denied the right to bring its motion for summary judgment.

For all of these reasons, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [Docket No. 50] should be denied.


Dated:     May 18, 2005


    *s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 6, 2005** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 6, 2005**.